**Robert S. WALKER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 98–711T.**

United States Court of Federal Claims.

April 30, 1999.

Hunter W. Sims, Jr., Norfolk, Virginia, for plaintiff.

Charles J. Crueger, with whom were Loretta C. Argrett, Assistant Attorney General, Mildred L. Seidman, Chief, and David Gustafson, Assistant Chief, Washington, D.C., for defendant.

## *ORDER*

ANDEWELT, Judge.

### I.

In this tax refund action, plaintiff, Robert S. Walker, seeks to recover $600 in tax penalties plaintiff paid in partial response to an Internal Revenue Service (IRS) assessment made pursuant to I.R.C. § 6672. The assessment derived from a determination that three separate businesses, Environmental Restoration USA Group, Professional Coatings North America, and Atarus Temporaries, Inc., had improperly failed to pay over to the United States employment taxes for one or more tax periods during 1993–1995. The IRS found that plaintiff and two other individuals. Wallace B. Newton and James M. Hong, were each "responsible persons" under I.R.C. § 6672 for the three companies and, hence, each was liable for payment of a penalty equal to the total amount of unpaid employment taxes. The IRS made assessments of the total taxes due against each of the three individuals.

Plaintiff paid $200 of the assessed taxes for each of the three companies, and on September 8, 1998, filed the instant action seeking a return of the $600 in taxes paid, plus abatement of the balance of the penalties, on the ground that plaintiff was not a "responsible person" for any of the three companies. On

February 5, 1999, defendant filed a collection action against plaintiff, Newton, and Hong in the United States District Court for the Eastern District of Virginia. This action is before the court on defendant's motion to suspend proceedings in the instant action pending resolution of the district court action. For the reasons set forth below, defendant's motion is granted.

## II.

 In his opposition to defendant's motion to suspend, plaintiff contends that because he filed the instant suit before defendant filed the district court action, this court should follow the "first-filed rule" and allow the first-filed action, *i.e.*, this action, to proceed without suspension. The "first-filed rule," which generally gives priority to the first-filed action, advances "the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." 17 James W. Moore, *Moore's Federal Practice* ¶ 111.13[1][o][ii][A] (3d ed.1998) (citing *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150, 1153 n. 13 (S.D.N.Y. 1995)). This priority, however, is not absolute and is not applied by courts where convenience or other special circumstances dictate departure from the rule. *See Moore's Federal Practice* ¶ 111.13[1][o][ii][B]; *see also First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) ("[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance and convenience ... or ... special circumstances ... giving priority to the second."); *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir.1985) ("The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration.").

In responsible person cases similar to the instant case, this court generally has departed from the "first-filed rule" and has suspended the first-filed Court of Federal Claims action pending completion of the la-ter-filed district court action involving all of the potential "responsible persons." *See Klein v. United States*, 31 Fed.Cl. 614, 616 (1994), *aff'd*, 60 F.3d 839 (Fed.Cir.1995) ("In responsible persons cases under I.R.C. § 6672, motions to suspend usually are granted routinely."); *see also Caparco v. United States*, 28 Fed.Cl. 736 (1993). The court's rationale generally has rested on notions of judicial economy. *See Klein*, 31 Fed. Cl. at 616. If the first-filed action in this court involving the "responsible person" status of only one of the assessed persons is allowed to proceed to judgment, that judgment would not necessarily end further court inquiry into responsibility for the taxes in question. Instead, there may be a need to proceed with a second trial in district court to resolve the responsibility for the taxes due of the other assessed persons. Such a second trial would focus on the same law and many of the same facts as the first trial. On the other hand, if the later-filed district court action were allowed to proceed first to judgment, there would be no possible need for a second trial in this court involving only one of the assessed persons because all issues as to responsibility for the taxes due would have been resolved. Courts have deemed that the conservation of judicial resources that results from avoiding the possible need for a second trial is sufficient cause to depart from the "first-filed rule." *See id.*

This court's experience in the trial of "responsible person" cases raises a second possible benefit from a single trial in district court. The district court, with all potential responsible persons appearing as defendants, may be in a better position than this court to make a fully informed determination as to which individuals are properly classified as "responsible persons." A tactic frequently used by plaintiffs in responsible person cases in this court is to point to other individuals associated with the corporation and argue that given the other individuals' level of control over pertinent operations within the company, it is not appropriate to consider the plaintiff a "responsible person."[1] To help

---

1. Under I.R.C. § 6672, there can be one or more individuals responsible for a corporation's failure to pay taxes and, hence, a finding that one per-

son is responsible does not preclude or require a finding that another individual is also responsible. *See White v. United States*, 178 Ct.Cl. 765,

evaluate such a contention, this court, using its national subpoena power, may secure the testimony of these "other" potential responsible persons. But the mere appearance as a witness is not optimal. A court can be expected to get the most complete and accurate picture of relative responsibilities and operations within a corporation if all of the potential responsible persons are parties to the action and each is potentially liable financially. With potential financial liability at stake, the adversary process should assure that each potential responsible person will present his or her respective view of operations within the company in the most comprehensive and convincing manner.

■ Along with his opposition to defendant's motion to suspend, plaintiff filed a motion "to give notice to third parties and summon them before this Court." Plaintiff contends that by using the procedures set forth in RCFC 14(a), this court can summon Newton and Hong and then proceed to determine the liability of each of the three potential "responsible persons." But nothing in Rule 14(a) permits this court to issue a summons and force Newton and Hong to become parties to this action. Rule 14(a)(1) provides:

> The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action to appear as a party and assert an interest, if any, therein.

Hence, rather than providing for subpoena power to oblige an entity to become a party to an action, Rule 14(a) merely provides for notification of nonparties so as to give them an opportunity, if they choose, to appear as a party and assert an interest in the pending litigation.

■ Defendant contends that, in any event, resort to notice under Rule 14(a) would not be proper because Newton and Hong have no interest in the $600 that plain-

tiff seeks to recover herein. But, in a sense, Newton and Hong do have an interest in the subject matter of this action for two reasons. First, to the extent defendant prevails and keeps plaintiff's $600, Newton's and Hong's respective potential liability for the unpaid taxes would be reduced by $600 because the IRS cannot recover from all responsible persons a combined amount in excess of the total taxes due from the underlying corporations. *See Schultz v. United States*, 918 F.2d 164, 167 (Fed.Cir.1990) (citing *Hill, Christopher & Phillips, P.C. v. United States Postal Service*, 535 F.Supp. 804, 810 (D.D.C.1982)) ("Section 6672 penalties can be enforced until the government has collected an amount equal to the tax liability, but it is entitled to only one 100-percent recovery.") Second, I.R.C. § 6672(d) provides for the right of contribution where more than one person is liable for a tax penalty. Hence, a determination by this court that plaintiff was "responsible" could facilitate Hong's and Newton's ability to secure contribution from plaintiff in the event Newton and Hong were determined by the district court to be "responsible" and the IRS exercised the judgment against them.

■ In any event, assuming Hong's and Newton's interest in this action is sufficient to invoke Rule 14(a) and also assuming Hong and Newton would choose to respond to a notice issued thereunder and become parties to the instant action, the instant action still would focus on the solitary issue of whether plaintiff was a "responsible person" and hence was liable for the assessed taxes. The joining of Hong and Newton would not expand this court's inquiry to issues not presented in the complaint as filed and hence would not give this court jurisdiction to resolve the distinct issues of whether Newton and Hong were also "responsible persons." Therefore, resort to Rule 14(a) would not remove the potential need for a second trial in district court to resolve all potential liability for the unpaid taxes.[2]

---

771, 372 F.2d 513, 516 (1967). This does not mean, however, that the factual inquiry as to whether one particular individual is a "responsible person" within a corporation is irrelevant to the determination of whether a second individual is also a "responsible person."

**2.** Rule 14(a)(2) provides for subpoena power, as follows:

> On motion of the United States, the court may summon any third person against whom the United States may be asserting a claim or contingent claim for the recovery of money

### III.

Next, plaintiff argues that to suspend the instant proceeding would violate the spirit, if not the letter, of I.R.C. § 6331(i), which for tax periods beginning after December 31, 1998, prohibits the IRS from taking any collection action, including filing suit, against a taxpayer who has initiated a refund suit. But by specifying the December 31, 1998, commencement date, for prior tax periods Congress chose to leave the suspension decision to the discretion of the courts. In this case, the tax periods at issue are 1993–1995 and, hence, a decision to suspend is left to the court's discretion. In exercising that discretion, this court has reviewed the legislative history of I.R.C. § 6331(i) so as to determine the interests Congress sought to promote. After that review, the court remains convinced that, consistent with the precedent outlined above and based on the facts of this case, the potential for significant judicial economy should be viewed as a paramount interest to plaintiff's choice of forum. The interests of justice are best served by suspending the instant action and allowing the district court case to proceed to resolve in a single action the liability of all potential "responsible persons."

### *Conclusion*

For the reasons set forth above, defendant's motion to suspend proceedings in this action pending resolution of the district court action is granted. Plaintiff's motion for notice to third parties is denied. On or before the date 30 days after the district court renders a final decision, the parties shall file a joint status report advising the court as to their intentions with respect to further proceedings in this action.

**IT IS SO ORDERED.**

paid by the United States in respect of the transaction or matter which constitutes the subject matter of the suit to appear as a party and defend the third party's interest, if any, in such suit.

The payment of money by the United States is not involved here and, hence, the subpoena power in Rule 14(a)(2) does not apply.