## GOLDEN EAGLE REFINING COMPANY, INC.

### v.

### The UNITED STATES.

No. 65–84C.

United States Claims Court.

March 1, 1984.

Harry R. Silver, Washington, D.C., for plaintiff; Jerry E. Rothrock and Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., of counsel.

R. Anthony McCann, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

LYDON, Judge:

By opinion and order dated February 22, 1984, this court denied plaintiff's motions for injunctive relief and dismissed plaintiff's complaint. On February 24, 1984, plaintiff moved for a stay, pending appeal, of the judgment issued by the court on February 23, 1984, pursuant to the opinion of February 22, 1984. Plaintiff also requested the court to stay relevant procurement proceedings pending appeal.

Plaintiff does not cite the Rule pursuant to which it files its motion. The caption of plaintiff's motion suggests it is proceeding under Rule 62(d), but the relief plaintiff seeks suggests it is proceeding under Rule 62(c). Moreover, plaintiff, while it suggests it intends to appeal, has not as yet taken an appeal of this court's judgment. *See Davila v. State of Texas,* 489 F.Supp. 803, 810 (S.D.Tex.1980). However, Rule 62(a) suggests that in a situation such as this it is permissible for the court to consider plaintiff's request at this time despite its failure to perfect its appeal from the judgment of this court. *Corpus Christi Peoples' Baptist Church, Inc. v. Texas Dept. of Human Resources,* 481 F.Supp. 1101, 1111–1112 (S.D. Tex.1979), *aff'd* 621 F.2d 438 (5th Cir.1980). The court concludes that whether plaintiff's motion is treated as one filed under Rule 62(c) or under Rule 62(d), said motion should be denied.

As a general rule, four factors are to be considered by a court in deciding whether or not to stay its judgment pending appeal. These factors are: 1) a likelihood that plaintiff will prevail on the merits of the appeal; 2) irreparable injury to plaintiff unless the stay is granted; 3) no substantial harm to other interested parties if the stay is granted; and 4) no harm to the public interest. *See Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977). Each of these factors will now be considered.

The possibility or likelihood that plaintiff will not prevail on the merits of its appeal is very strong. The thrust of plaintiff's complaint is that the termination of its contract to supply JP-4 jet fuel was unlawful. The contract contained a Price Review provision (E50.01) which permitted either party to terminate the contract if the parties were unable to agree on the price to be paid for the jet fuel upon the anniversary date of the contract award. The provision required that clear and convincing evidence demonstrate the need for price negotiation and that said negotiations be conducted in good faith. Plaintiff contended that clear and convincing need for negotiation had not been demonstrated and that the agency involved, Defense Fuel Supply Center (DFSC), did not negotiate in good faith. The materials made available to the court showed rather clearly the DFSC did negotiate in good faith and that there was clear and convincing evidence that negotiations were necessary. The evidence indicated that the prices plaintiff intended to charge for JP-4 jet fuel delivery was significantly higher than the prices others were charging for JP-4 jet fuel. Under such circumstances, the court concluded that termination of the contract under clause E50.01 was legal and proper. This finding serves to distinguish *Torncello v. United States*, 231 Ct.Cl. ——, 681 F.2d 756 (1982) and *Vibra-Tech Eng'rs, Inc. v. United States*, 567 F.Supp. 484 (D.Colo.1983) relied on by plaintiff. In its motion for stay plaintiff does not deal with this factor but merely assumes the contract was unlawfully terminated.[1]

As to the second factor, the court concludes that denial of a stay will not irreparably injure plaintiff. This factor has some surface appeal, but on analysis the facts suggest that plaintiff has an adequate remedy at law. Plaintiff's contention here is that unless the injunction pending appeal is issued it will go out of business since it is almost solely dependent upon the business provided by the terminated jet fuel contract with DFSC. As discussed in the February 22, 1984, opinion, plaintiff has an adequate remedy at law for the government's alleged breach of its jet fuel contract in the form of money damages. Although plaintiff makes much of the fact that it is almost solely dependent on this government contract, the fact remains, however, that it is plaintiff who put itself in this position of dependency. Plaintiff chose to reap the benefits of this position of dependency, and having done so cannot now complain of the consequences of this position. Furthermore, plaintiff certainly could have foreseen the possibility of the termination of this jet fuel contract since the contract contained a termination for convenience clause and a Price Review clause.[2] In fact, the Price Review

---

1. The court in its February 22, 1984, opinion also concluded that the essence of plaintiff's complaint was a post-award claim, *i.e.*, termination of an existing contract and thus beyond the jurisdiction of the court, citing *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1374 (Fed.Cir.1983) (*en banc*). Plaintiff now maintains that under the Contract Disputes Act, injunctive relief is appropriate where the government unlawfully terminated a prior contract citing *Vibra-Tech Eng'rs, Inc. v. United States*, 567 F.Supp. 484 (D.Colo.1983). This court's injunctive authority does not arise from the Contract Disputes Act and, more impor-

tantly, *Vibra-Tech* is a District Court case, involving that court's post-award injunctive authority and, as such, has little, if any, precedential value relative to this court's pre-award injunctive authority. Plaintiff's argument that 28 U.S.C. § 1491(a)(3) does not limit injunctive relief in this court only to disappointed bidder situations is contrary to the decisions of this court cited and relied on in the court's February 22, 1984, opinion.

2. Plaintiff misconstrues the court's discussion of the termination for convenience clause in the February 22, 1984, opinion. The court did not

clause specifically provided for the contract's termination in the event of the parties' failure to agree upon a price for jet fuel. Plaintiff negotiated itself into the position it now complains about and there is no evidence of government over-reaching or lack of good faith in this negotiation process. Evidently, plaintiff was not as concerned about going out of business during the negotiations as it is now. As a result, plaintiff's "going out of business" peal has a hollow ring to it.

The third factor also militates against granting plaintiff an injunction pending appeal. Such an injunction would disrupt and delay the government's procurement process and may unfairly impinge upon the interests of the other bidders in the reprocurement solicitation. Given the uncertain time period which the reprocurement solicitation would be delayed in the event of an injunction pending appeal, it is reasonable to assume that both the government and the other bidders would probably suffer some harm as a result of such a delay. Although the exact quantum of harm which this delay would inflict is uncertain, it must be given some consideration when balancing the applicable factors.

The fourth and final factor, the public interest, is not a critical factor in this case. As discussed in the February 22, 1984, opinion, the public interest which does exist favors the denial of plaintiff's motion. Such a denial would ensure that the govern-

ment can arrange for the orderly procurement of military supplies without court imposed disruption.

When all four factors are balanced, the scale is clearly weighted in favor of a denial of plaintiff's motion for an injunction pending appeal. In considering plaintiff's motion, it must be remembered that "a stay pending appeal is always an extraordinary remedy." *Brotherhood of Ry. & S.S. Clerks, Freight Handlers, Express and Station Employees v. National Mediation Bd.,* 374 F.2d 269, 275 (D.C.Cir.1966). Therefore, unless the last three factors are heavily weighted in plaintiff's favor, it must make a more substantial showing of the likelihood of success on the merits. *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). As the discussion above indicates, these last three factors are not heavily weighted in plaintiff's favor. On balance these three factors are tilted only slightly in plaintiff's favor. The final two factors in favor of denying the appeal are only slightly outweighed by the fact that plaintiff will suffer some injury as a result of losing this jet fuel contract. However, when the first factor is introduced into the equation, the result clearly favors a denial of plaintiff's motion. Plaintiff has plainly failed to make a substantial showing of likelihood of success on appeal. In fact, the record before this court indicates that such success is most improbable.[3] The basic pur-

---

use this clause as the basis for denying plaintiff's relief, but used it as an indication that plaintiff has an adequate remedy at law since, under this clause, plaintiff agreed to the form of damages as a remedy in the event of the contract's termination. The court stated that the termination for convenience clause may provide the only remedy available to a contractor unless extraordinary circumstances existed. The court specifically mentioned bad faith as an example of such an extraordinary circumstance. Moreover, there is support for the proposition that money damages, not injunctive relief, is the proper remedy for the government's termination of a contract. *See e.g., International Eng'g Co., Div. of A–T–O, Inc. v. Richardson,* 512 F.2d 573, 580–581 (D.C.Cir. 1975), *cert. denied,* 423 U.S. 1048, 96 S.Ct. 774, 46 L.Ed.2d 636 (1976). *But see Vibra-Tech*

*Eng'rs, Inc. v. United States,* 567 F.Supp. 484 (D.Colo.1983).

**3.** Plaintiff's memorandum in support of its motion, as mentioned previously, is conspicuously lacking in substantive support for its position concerning likelihood of success on appeal. Instead, plaintiff is content to rely primarily on the bare assertion that the issues in this case are of first impression in this court, and therefore the court should maintain the *status quo* until the Federal Circuit Court of Appeals can decide the matter. In light of the court's discussion in the February 22nd opinion concerning the case law precedent on the jurisdictional issue and the improbability of plaintiff's success on the merits, plaintiff's request for extraordinary relief is not well served by such cursory treatment of these matters in its motion for stay of proceedings.

pose of relief pending appeal is to provide "interim relief where relative harm and the uncertainty of final disposition justify it." *Ruiz v. Estelle, supra,* 650 F.2d at 565. In this case, there exists only a modicum of relative harm and little uncertainty of final disposition. It is concluded therefore that injunctive relief pending appeal is not proper in this case.

Therefore, plaintiff's motion for a stay pending appeal is denied.