Susan F. BEARD, Plaintiff,

v.

UNITED STATES, Defendant.

No. 10–577T.

United States Court of Federal Claims.

Sept. 7, 2011.

Farley P. Katz, Strasburger & Price, L.L.P., San Antonio, Texas.

Shelley de Alth, Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were John A. DiCicco, Acting Assistant Attorney General, and Steven I. Frahm, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff Susan F. Beard seeks a refund of payments made to the Internal Revenue Service ("IRS") of penalties imposed under 26 U.S.C. ("I.R.C.") § 6672 for unpaid employment taxes. Previously, acting pursuant to I.R.C. § 6331(i), the court enjoined the United States from proceeding with a later-filed suit against Ms. Beard in the United States District Court for the Western District of Texas ("the district court") for the collection of those same employment tax penalties. *See Beard v. United States,* 99 Fed.Cl. 147, 161 (2011). The government has taken an interlocutory appeal from the injunction to the Court of Appeals for the Federal Circuit, and it now has moved to stay proceedings in this court pending the appeal's resolution. Ms. Beard opposes the motion.

## BACKGROUND[1]

On November 13, 2006, the IRS imposed penalties under I.R.C. § 6672 against Ms. Beard and her ex-husband, Shelton Wayne Keith, for failing to pay taxes withheld from the wages of employees of 4–K, Inc., for the calendar quarters ended June 30, 1999 through June 30, 2005. *Beard,* 99 Fed.Cl. at 148–49. During the relevant time periods, Mr. Keith was 4–K's President and Ms. Beard its Secretary. *Id.* Such taxes are "divisible taxes" under I.R.C. § 6331(i)(2).

On February 15, 2010, Ms. Beard paid $100 for each quarter, and, on February 22, 2010, filed a claim for refund with the IRS, seeking the amount remitted plus interest. *Beard,* 99 Fed.Cl. at 148–49. Subsequently, on August 25, 2010, Ms. Beard sued for a refund of the payments in this court. The government filed an answer and a counter-

1. For purposes of resolving the pending motion, the court presumes that the allegations in Ms. Beard's amended complaint are true, and it has taken into account the averments and documentary records provided by the parties in support of, and in opposition to, the injunction previously issued by the court and the stay now sought by the government. Unless otherwise noted, the facts set out appear to be undisputed.

claim to Ms. Beard's complaint on December 27, 2010, seeking the full amount of the penalties, $695,446.99, due the IRS under Section 6672. *Id.*

Roughly four and one-half months after Ms. Beard filed her refund action in this court, on January 11, 2011, the government filed suit against Ms. Beard and Mr. Keith in the district court, seeking a judgment against both for the same assessment under Section 6672 disputed by Ms. Beard in this court. *See Beard,* 99 Fed.Cl. at 148–49 (citing Complaint, *United States v. Susan F. Beard & Shelton W. Keith,* No. 11–21 (W.D.Tex. Jan. 11, 2011)).[2] Immediately thereafter, on January 12, 2011, the government filed a motion in this court requesting a suspension of Ms. Beard's case until the completion of the proceedings in district court. *Beard,* 99 Fed.Cl. at 148–49. On January 28, 2011, Ms. Beard filed a response in opposition to the government's motion to suspend, coupled with a motion to enjoin the government from proceeding against her in the district court. *Id.,* at 149–50. On May 6, 2011, this court denied the government's motion for a suspension and granted Ms. Beard's motion, enjoining the United States from proceeding against Ms. Beard in the action brought in district court. *Id.,* at 161.

The government filed a notice of interlocutory appeal of that injunction on July 1, 2011, and on August 9, 2011, moved to stay this court's proceedings pending resolution of the appeal by the Federal Circuit. *See* Def.'s Mot. for Susp. of Proceedings Pending Interlocutory Appeal ("Def.'s Mot. for Stay"). Ms. Beard has filed her opposition to the motion. *See* Pl.'s Opp'n to Def.'s Mot. for Stay ("Pl.'s Opp'n"). No hearing is necessary.

## STANDARD FOR DECISION

■ The government's interlocutory appeal of the injunction is authorized by 28

U.S.C. § 1292. While the appeal is pending, this court *may* stay proceedings as the government urges. *See* Rules of the United States Court of Federal Claims ("RCFC") 62(c); *see also* RCFC 62(a) (no automatic stay if an appeal is taken in an action for an injunction). The Federal Circuit also has discretion to stay proceedings in this court. Fed. R.App. P. 8(a)(1)(C), (a)(2).[3] The same standard applies to both courts when determining whether to grant this "extraordinary remedy." *Acrow Corp. of Am. v. United States,* 97 Fed.Cl. 182, 183 (2011) (quoting *Golden Eagle Ref. Co. v. United States,* 4 Cl.Ct. 622, 624 (1984)); *see also id.* at 184 (citing *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). The standard requires courts to "assess[ ] the movant's chances for success on [the merits] and weigh[ ] the equities as they affect the parties and the public," *Jicarilla Apache Nation v. United States,* 91 Fed.Cl. 489, 492 (2010) (quoting *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.,* 835 F.2d 277, 278 (Fed.Cir.1987)) (alterations in original), by applying the following four factors:

(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed.Cir.1990) (quoting *Hilton,* 481 U.S. at 776, 107 S.Ct. 2113).

■ The four factors "contemplate individualized judgments," *Hilton,* 481 U.S. at 777, 107 S.Ct. 2113, but the factors need not be given equal weight. *Acrow Corp.,* 97 Fed.Cl.

---

**2.** The government may not bring an action in this court against Mr. Keith nor can it join him in Ms. Beard's case. *See Klein v. United States,* 31 Fed.Cl. 614, 616 (1994), *aff'd in part, appeal dismissed in part,* 60 F.3d 839 (Fed.Cir.1995) (table, text in Westlaw).

**3.** While styled a "suspension," Def.'s Mot. for Stay, the government's object is a *stay* of pro-

ceedings in this court pending the outcome of the appeal, not a new injunction countermanding the one entered on May 6, 2011. An injunction "directs the conduct of a party" while "a stay operates upon the judicial proceeding itself." *Nken v. Holder,* 556 U.S. 418, 428, 129 S.Ct. 1749, 1757, 1758, 173 L.Ed.2d 550 (2009).

at 184. "[T]he first two factors ... are the most critical," and invariably the stay applicant must demonstrate "[m]ore than a mere 'possibility' of relief." *Nken,* 129 S.Ct. at 1761 (third alteration in original).

## ANALYSIS

### A. The Government's Likelihood of Success on the Merits

■ The government must demonstrate either a "strong likelihood of success on appeal" or at least "a *substantial case* on the merits, *provided* the other factors militate in [its] favor." *Standard Havens,* 897 F.2d at 513 (quoting *Hilton,* 481 U.S. at 778, 107 S.Ct. 2113) (internal quotation marks omitted). While the government asserts that it has "a strong position on the merits of its appeal," Def.'s Mot. for Stay at 4, Ms. Beard contends that "the [g]overnment's position ... has been rejected by every court to have considered [its] argument[s]." Pl.'s Opp'n at 3 (listing this court's earlier decision, two other decisions by judges of this court, and four decisions by district courts).

The parties' disputations in this court, and soon enough on appeal, *see* Def.'s Mot. for Stay at 2–3, center on I.R.C. § 6331(i), which forbids "proceeding[s] in court for the collection of any unpaid [divisible] tax ... during the pendency of a proceeding [for the recovery of any portion of such divisible tax]." I.R.C. § 6331(i)(4)(A). In its decision granting an injunction, the court held that Section 6331(i) forbids the government from pursuing its claims against Ms. Beard in the district court because that suit is "a proceeding in court for the collection of any unpaid tax," § 6331(i)(4)(A), not excepted as a "proceeding relating to a proceeding," § 6331(i)(4)(A)(ii). The court thus enjoined the United States from continuing to pursue Ms. Beard in the district court, pursuant to Section 6331(i)(4)(B) ("Notwithstanding section 7421(a) [ (the Tax Anti–Injunction Act) ], a levy or collection proceeding prohibited by this subsection may be enjoined (during the period the prohibition is in force) by the court in which the proceeding under paragraph (1)[, *i.e.,* I.R.C. § 6331(i)(1),] is brought.").

The government repeats its argument that Section 6331(i) only "protect[s] against the administrative or judicial seizure of a taxpayer's assets" during a refund suit. Def.'s Mot. for Stay at 5. The court previously rejected this contention, and it does not hesitate to do so again. *See Beard,* 99 Fed.Cl. at 151–55; *see also id.* at 154 n. 9 (noting that every other court that has heard this argument has rejected it).

The government also reiterates its argument that, according to the plain meaning of the word "related," this case and the district court action are related proceedings, and thus the district court action is excepted from the statutory prohibition under Section 6331(i)(4)(A)(ii). This court's previous decision, after an examination of the legislative history, rejected the idea that the phrase "relating to" means "identical," for doing so would render the prohibition on later-filed suits and the injunctive-power provision a nullity because they would be swallowed up by the exception. *See Beard,* 99 Fed.Cl. at 155 (citing *Kennedy v. United States,* 95 Fed.Cl. 197, 206 (2010) (rejecting the government's parsing of "relating")); *see also Nakano v. United States,* 2009 WL 2176311, at *2 (D.Ariz. July 21, 2009) (describing the government's definition as "simply absurd"). As noted in *Beard,* the Conference Report on the bill that added Section 6331(i) to the Internal Revenue Code specified that "proceedings related to a proceeding [brought for a refund under I.R.C. § 6331(i) ]," focus on "civil actions or third-party complaints initiated by the United States or another person with respect to the same kinds of tax (or related taxes or penalties) for the same (or overlapping) tax periods." *Beard,* 99 Fed.Cl. at 155 (quoting H.R.Rep. No. 105–599, at 279–80 (1998), 1998 U.S.C.C.A.N. 288, 236 (Conf.Rep.)) This specification followed a statement in the Senate Report that the provision "will not affect the IRS's ability to collect other assessments that are not the subject of the refund suit, to offset refunds, to counterclaim in a refund suit or related proceeding, or to file a notice of Federal tax lien." S.Rep. No. 105–174, at 80 (1998). As a result, the action in district court might properly proceed against Mr. Keith, the co-defendant, but not Ms. Beard. Here, too,

there is no reason to disturb the court's earlier determination.

The government's final argument is extremely similar, if not identical, to one it has made before. The government asserts that the "proceeding related to a proceeding" exception, I.R.C. § 6331(i)(4)(A)(ii), embraces a suit to determine liability, such as the district court action. Its path to that conclusion, however, is new. The government contends that the "related proceeding" exception cannot encompass suits involving other parties or penalties because the exception applies only to taxes described in Section 6331(i)(4)(A), *i.e.*, the prohibition on initiating a collection action for tax as to which a refund action is pending. In turn, Section 6331(i)(4)(A) applies only to the taxes described in Section 6331(i)(1), *i.e.*, divisible taxes subject to a refund action. The government continues its argument by asserting that suits involving other parties or penalties are not included in the taxes described in Section 6331(i)(1) because they would not be precluded under Section 6331(i)(1)(A) or (B). Therefore, as the government would have it, such collection suits fall outside the ambit of Section 6331(i) altogether, regardless of the exception. Therefore, the "related proceeding" exception must instead embrace suits against the same person for the same taxes.

The government's new argumentative premises are badly flawed. Even if suits for different periods are not covered by the prohibition, that does not mean that suits for the same taxes brought against different persons are not "related proceeding[s]." The government ignores that the taxes are "divisible taxes," I.R.C. § 6331(i)(2), for which "[a]ny person required to collect, truthfully account for, and pay over" the tax would be liable, I.R.C. § 6672(a). Suits against other persons for the same taxes thus are explicitly contemplated by the statute. In short, the term "related proceedings" has meaning without also bringing within its ambit suits against the same person who brought the prior refund action regarding the same taxes.

Logically, the government's argument is a *non sequitur*; as a matter of interpretation, it would render the exception all-encompassing and would elide the prohibition and the injunctive-power provision to which the exception relates. *See Beard,* 99 Fed.Cl. at 155.[4]

The court acknowledges that no appellate court has yet examined Section 6331(i) in any detail. The trial courts that have encountered Section 6331(i), however, have uniformly rejected the government's position. Because the government's current motion adds little to arguments invariably found to be unpersuasive by this court and other courts, the government has a very weak position, not a "strong likelihood of success on appeal." *Hilton,* 481 U.S. at 776, 107 S.Ct. 2113.

## B. Irreparable Injury to the Government Absent a Stay

■ The government argues that it will be forced to undertake "potentially unnecessary and duplicative discovery" if the court does not stay proceedings. Def.'s Mot. for Stay at 5. The government also expresses concern that "[i]t is at least theoretically possible," *id.* at 5, that the court will reach a final judgment in this case prior to resolution of the government's appeal, thus mooting the appeal. *Id.* at 5–6.

■ The government's potential injury is too speculative to justify a stay. Discovery will be necessary in all events. And, to borrow from the related context of preliminary injunctions: "[t]he expenses and effort involved in the defense of litigation do not constitute 'irreparable injury' that may justify a preliminary injunction." *Matsushita Elec. Indus. Co. v. United States,* 823 F.2d 505, 509 (Fed.Cir.1987) (citing *FTC v. Standard Oil Co. of Cal.,* 449 U.S. 232, 244, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980)).

The timing of any final decision this court might issue also would not pose insurmountable problems. This court assuredly has juridical power over Ms. Beard's claim, and a

4. "[T]he canon against superfluity assists only where a competing interpretation gives effect 'to every clause and word of a statute.'" *Microsoft Corp. v. i4i P'ship,* —— U.S. ——, ——, 131 S.Ct. 2238, 2248, 180 L.Ed.2d 131 (2011) (quoting *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)). As explained, the government's interpretation would entirely wipe out the prohibition and injunctive-power provision. Hence, the canon does not apply.

resolution of the case would be necessary as a consequence. The government presumably would favor a decision by the district court in advance of any decision by this court, such that the district court's decision would be res judicata for this court and dictate the result in the instant case. That is not a likely scenario, however, because the district court appears to have suspended proceedings against Ms. Beard in its case. *See* Pl.'s Opp'n, Ex. A. This factor accordingly also favors denial of the requested stay.

### C. Irreparable Injury to Other Parties If a Stay Were to Issue

 The government suggests that a stay pending appeal will save Ms. Beard the expense of possibly unnecessary discovery and cause "only a minor delay in litigating plaintiff's liability." Def.'s Mot. for Stay at 6. However, Ms. Beard responds that this case has already been pending for more than a year and has not yet moved to the discovery phase. Pl.'s Opp'n at 6. Ms. Beard has reportedly suffered significant financial and personal hardship while litigating this case, *see Beard*, 99 Fed.Cl. at 159–61, and delay may only increase the costs to her of necessary litigation.

### D. The Public Interest

Insofar as the government addresses the question of the public interest, it recycles its arguments for judicial economy. *See* Def.'s Mot. for Stay at 5. The conservation of judicial resources is important. As well, however, "the public interest is no doubt always served by avoiding needless delay." *Weston Solutions, Inc. v. United States*, 95 Fed.Cl. 311, 329 (2010). Notably, delay that hinders the proper implementation of a statute is not appropriate. *See Beard*, 99 Fed. Cl. at 160–61. Hence, the public interest favors continuing this litigation on a regular schedule.

### E. Synopsis

The government's arguments favoring a stay of proceedings are unpersuasive. Applying the traditional framework described in *Hilton*, the court finds that the government has not made "a strong showing that it is likely to succeed on appeal," nor do the other factors compensate for that lack of showing. The government will not suffer irreparable injury absent a stay, but a stay would harm Ms. Beard and the public interest.

### CONCLUSION

For the reasons stated, the government's motion to stay proceedings pending interlocutory appeal is DENIED.

It is so ORDERED.