# In the United States Court of Federal Claims

BID PROTEST
No. 20-1417C
Filed Under Seal: June 10, 2021
Reissued: June 23, 2021[*]

|  |  |  |
|---|---|---|
| VAS REALTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Injunction Pending Appeal; RCFC 62(d). |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPE MORAINE LLP, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

*Anuj Vohra*, Counsel of Record, *Christian N. Curran*, Of Counsel, *Alexandra L. Barbee-Garrett*, Of Counsel, Crowell & Moring LLP, Washington, DC, for plaintiff.

*Stephen C. Tosini*, Senior Trial Counsel, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Jeffrey Bossert Clark*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Nancy E. O'Connell*, Of Counsel, General Services Administration, for defendant.

*Robert C. MacKichan, Jr.*, Counsel of Record, *Gordon Griffin*, Of Counsel, *Hillary J. Freund*, Of Counsel, Holland & Knight LLP, Washington, DC, for defendant-intervenor.

---

[*] This Memorandum Opinion and Order was originally filed under seal on June 10, 2021. ECF No. 74. The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. Defendant-Intervenor filed a joint status report on behalf of the parties on June 21, 2021, proposing certain redactions which the Court has adopted. ECF No. 75. And so, the Court is reissuing its Memorandum Opinion and Order, dated June 10, 2021, with the agreed-upon redactions indicated by three consecutive asterisks within brackets ([* * *]).

# MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A STAY AND AN INJUNCTION PENDING APPEAL

GRIGGSBY, Judge

## I.    INTRODUCTION

This post-award bid protest matter involved a challenge to the General Services Administration's ("GSA") decision to award a lease to procure a facility to house the Department of Homeland Security, Immigrations and Customs Enforcement ("DHS-ICE") in Warwick, Rhode Island (the "ICE Lease") to Cape Moraine, LLC ("Cape Moraine"). Compl. at ¶ 1. On April 29, 2021, the Court issued a Memorandum Opinion and Order: (1) granting the government's and Cape Moraine's motions to dismiss this bid protest; (2) denying-as-moot VAS Realty, LLC's ("VAS") motion for judgment upon the administrative record; (3) denying-as-moot the government's and Cape Moraine's cross-motions for judgment upon the administrative record; and (4) dismissing the complaint (the "April 29, 2021, Decision" or "Dec."). Dec. at 14; *VAS Realty, LLC v. United States*, No. 20-1417C, 2021 WL 1853382, at \*9 (Fed. Cl. Apr. 29, 2021). On May 10, 2021, VAS filed a notice of appeal of the April 29, 2021, Decision to the United States Court of Appeals for the Federal Circuit. *See generally* Notice of Appeal.

On May 11, 2021, VAS moved for a stay and an injunction enjoining GSA and Cape Moraine from proceeding with performance under the ICE Lease pending its appeal, pursuant to Rule 62(d) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. For the reasons set forth below, the Court **DENIES** VAS's motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2021, the Court issued a Memorandum Opinion and Order that, among other things, granted the government's and Cape Moraine's motions to dismiss this bid protest for lack of subject-matter jurisdiction. Dec. at 14. In the April 29, 2021, Decision, the Court held that VAS lacks standing to pursue this bid protest matter, because VAS was not eligible to be awarded the ICE Lease. *Id.*

Specifically, the Court held that VAS did not have a direct economic interest in the award of the ICE Lease, because VAS failed to comply with a material term of the request for lease

proposals ("RLP") for the ICE Lease regarding the maximum ABOA[1] square footage for the property to be leased to GSA. *Id.* at 11-13. In this regard, the Court determined that the administrative record shows that VAS offered a property that includes approximately 5,508 square feet in excess of the RLP's maximum ABOA square footage requirement. *Id.* at 11-12; *see also* AR Tab 10 at 48, AR Tab 15 at 268-69 (showing that the plain terms of the RLP make clear that GSA sought a maximum of 20,579 ABOA square feet of space for the ICE Lease). Given this, the Court also determined that VAS's final revised proposal for the ICE Lease did not comply with this material requirement in the RLP. Dec. at 11-12. And so, the Court concluded that GSA reasonably found VAS's proposal to be deficient. Dec. at 12; *see also* AR Tab 12 at 199; *E.W. Bliss Co. v. United States*, 77 F.3d 445, 448 (Fed. Cir. 1996) (holding that "a proposal that fails to conform to the material terms and conditions of the solicitation should be considered unacceptable and a contract award based on such an unacceptable proposal violates the procurement statutes and regulations").

Because the Court determined that VAS failed to comply with a material term of the RLP regarding the maximum ABAO square footage for the property to be leased to GSA under the ICE Lease, the Court also concluded that VAS did not have a "direct economic interest" in the outcome of the procurement for that lease. Dec. at 12-13. And so, the Court dismissed this bid protest matter for lack of subject-matter jurisdiction because VAS lacked standing.[2] *Id.* at 14-15; RCFC 12(b)(1).

---

[1] ABOA refers to "the area 'where a tenant normally houses personnel, and/or furniture, for which a measurement is to be computed,' as stated by the American National Standards Institute/Building Owners and Managers Association ('ANSI/BOMA') publication, Z65.1-1996." General Services Administration Regulation, 48 C.F.R. § 570.102; *see also* Compl. at 4 n.1.

[2] The Court did not reach the merits of VAS's challenges to GSA's evaluation process and award decision. The Court did, however, reject several arguments that VAS advanced to establish standing. First, the Court was not persuaded that VAS has standing because GSA determined that its final revised proposal was technically acceptable. Dec. at 13; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (Holding that "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citation omitted). The Court also rejected VAS's argument that it has standing because the RLP allows offerors to propose office space in excess of the RLP's maximum ABOA square footage requirement. Dec. at 13; *see also* AR Tab 10 at 59, 121. The Court similarly rejected VAS's argument that standing had been established because VAS included the excess square footage in its final revised proposal at the direction of GSA's contracting officer. Dec. at 14; *see also* AR Tab 10 at 59, 121.

After VAS filed a motion for a stay and an injunction pending the appeal of the Court's April 29, 2021, Decision on May 11, 2021, the government and Cape Moraine filed responses and oppositions to VAS's motion on May 25, 2021. *See generally* Def. Resp.; Def.-Int. Resp. VAS filed a reply on June 1, 2021.

This matter having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

Injunctions pending appeal are governed by RCFC 62(d), which provides that:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

RCFC 62(d). This Court has recognized that an injunction pending appeal "is an extraordinary remedy." *Acrow Corp. v. United States*, 97 Fed. Cl. 182, 183 (2011) (quoting *Golden Eagle Refining Co. v. United States*, 4 Cl. Ct. 622, 624 (1984) (internal quotation marks omitted)). The Court has also held that, when considering such a motion, the Court "assesses the movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.* (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (internal quotation marks omitted)).

When determining whether to grant a motion for an injunction pending appeal, the Court considers: "(1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties; and (4) where the public interest lies." *Id.* at 184 (citing *Alaska Cent. Express, Inc. v. United States*, 51 Fed. Cl. 227, 229 (2001)). The Court has flexibility when weighing these factors and "need not give each factor equal weight." *Id.* And so, the Court "may allow for an injunction pending appeal when the movant 'establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial* case on the merits,' *provided* the other factors militate in [the] movants favor." *Akima Intra-Data, LLC v. United States*, 120 Fed. Cl. 25, 28 (2015) (emphasis original) (quoting *Standard Havens Prods.*, 897 F.2d at 513 (citations omitted)).

## IV.    LEGAL ANALYSIS

VAS has not made a strong showing that it is likely to succeed upon the merits of its claims on appeal, or that the equities weigh in favor of granting injunctive relief in this case. And so, for the reasons set forth below, the Court DENIES VAS's motion for a stay and an injunction pending appeal.

In its motion for a stay and an injunction pending appeal, VAS argues that it is entitled to this extraordinary relief, because Cape Moraine was ineligible for the award of the ICE Lease and the Court erred by failing to consider Cape Moraine's alleged ineligibility for award in its standing analysis. *See* Pl. Mot. at 9-15. In this regard, VAS contends that it possesses standing to pursue this bid protest matter, because GSA must re-bid the procurement for the ICE Lease and VAS would have a substantial chance of being awarded the lease during a new procurement. *Id.* at 12.

VAS also contends that the Court erred by determining that VAS failed to comply with a material term of the RLP in analyzing the question of whether VAS has standing. *See id.* at 16-20. Lastly, VAS argues that it will suffer irreparable harm absent a stay and an injunction pending its appeal and that the equities weigh in favor of awarding such extraordinary relief in this case. *See id.* at 22-24. And so, VAS requests that the Court stay its judgement and order dismissing this bid protest matter and enjoin GSA from issuing a notice to proceed with the ICE Lease until its appeal has been resolved. *Id.* at 24-25.

The government and Cape Moraine counter in their respective responses and oppositions that VAS has neither demonstrated a likelihood of success on appeal, nor shown that it would be irreparably harmed in the absence of injunctive relief. *See* Def. Resp. at 6-14; Def.-Int. Resp. at 3-9. And so, they argue that the Court should deny VAS's motion. The Court agrees.

### A.    VAS Has Not Shown A Strong Likelihood Of Success On The Merits

As an initial matter, VAS has not made a strong showing that it is likely to succeed on the merits of any of its claims on appeal. To support its request for a stay and injunctive relief, VAS argues that it has standing to pursue this bid protest because Cape Moraine—the only other offeror—was ineligible for award of the ICE Lease. *See* Pl. Mot. at 11-12. And so, VAS

contends that it would have a substantial chance of being awarded of the ICE Lease if GSA were to conduct a new procurement. *Id.* at 12.

The difficulty with VAS's most recent standing argument is that, even if VAS is correct in arguing that Cape Moraine's proposal was not complaint with the RLP, the record evidence in this case makes clear that VAS would remain ineligible for award of the ICE Lease. As the Court explained in the April 29, 2021, Decision, the administrative record makes clear that VAS proposed a property that includes approximately 5,508 square feet in excess of the RLP's maximum ABOA square footage requirement for the ICE Lease. Dec. at 11-12; *see also* AR Tab 21 (VAS's final proposal revision); AR Tab 10 at 48; AR Tab 15 at 268-69; Pl. Mot. J. Upon Admin. R. at 4 (showing that VAS's proposal includes a property that has 26,087 ABOA square feet of space). This salient fact is undisputed in this case. *See* Pl. Mot. J. Upon Admin. R. at 4; Def. Cross-Mot. J. Upon Admin. R. at 4; Def.-Int. Cross-Mot. J. Upon Admin. R. at 4. As the Court also explained in the April 29, 2021, Decision, the record evidence similarly shows that VAS's final proposal did not comply with a material term in the RLP regarding the maximum ABOA square footage for the ICE Lease. Dec. at 11-12. Given this, the Court is not persuaded that VAS is likely to succeed on the merits of its claims on appeal.

VAS's argument that a stay and an injunction pending appeal is warranted, because the Court erred by considering whether its proposal complied with the RLP's maximum ABOA square footage requirement, is equally unavailing. VAS argues that the Court should have ignored undisputed facts contained in the administrative record regarding the excess square footage that VAS offered in its proposal in evaluating the threshold issue of jurisdiction. Pl. Mot. at 16-20. But, as the Court recognized in the April 29, 2021, Decision, the Court has an independent obligation to consider relevant facts in determining whether it possesses subject-matter jurisdiction to consider this case. Dec. at 13. And so, again, the Court is not persuaded that VAS is likely to succeed on the merits of its claims on appeal.[3]

---

[3] A careful reading of the complaint also shows that VAS raised the issue of whether its proposal complied with the terms of the RLP to establish standing in this case. *See* Compl. at ¶ 11 (alleging that VAS has standing because, among other things, "VAS also submitted a responsive bid to the RLP"); *see also id.* at ¶ 26 (alleging that "VAS' proposal included the whole building . . ., including 5,508 square feet of unmarketable space").

**B.      The Balance Of Harms And Public Interest Weigh Against Injunctive Relief**

The other equities that the Court considers when evaluating VAS's motion for a stay and an injunction pending appeal also weigh against granting such extraordinary relief in this case. VAS argues that it will suffer irreparable harm if the Court declines to enjoin Cape Moraine's performance under the ICE Lease, because it "will have been deprived of any opportunity to compete on a level playing field for the subject lease" and it "will have been denied any recourse by which to vindicate its claims." Pl. Mot. at 22. But, as the government correctly observes in its response and opposition to VAS's motion, the harm that VAS seeks to avoid is the loss of its current lease with GSA. Def. Resp. at 12-13; Scola Decl. at 2-3; Pl. Resp. at 12 (arguing that the property at issue is VAS's only rental property and VAS is unable to pursue new tenants or financing). This Court has observed that such a harm is no different than the harm visited upon any contractor that has lost a contract. *See CRAssociates, Inc. v. United States*, 103 Fed. Cl. 23, 26-28 (2012) (recognizing that "the potential loss of the benefits of incumbency does not give plaintiff some sort of automatic right to a stay pending appeal").

The government and Cape Moraine also persuasively argue that further delay in the construction of the new facility to be leased by GSA would result in a significant loss of taxpayer funds and would [* * *] Cape Moraine. Def. Resp. at 15; Def-Int. Resp. at 14-16. The public also has an interest in ensuring that the government can proceed with leasing the facility of its choice to house the new ICE offices in Rhode Island. And so, for all of these reasons, the balance of the harms and the public interest cumulatively weigh against granting VAS's motion for a stay and an injunction pending appeal in this case. *See* RCFC 62(d).

## IV.      CONCLUSION

In sum, VAS has not met its heavy burden to demonstrate that it is entitled to the extraordinary remedy of a stay and an injunction pending the appeal of the Court's April 29, 2021, Decision. And so, the Court **DENIES** VAS's motion for a stay and an injunction pending appeal.

Each party to bear its own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on

October 22, 2020.  This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**.  The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication.  The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction on or before **July 9, 2021**.

      **IT IS SO ORDERED.**


                               s/ Lydia Kay Griggsby
                               LYDIA KAY GRIGGSBY
                               Judge